UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERTO RODRIGUEZ,

                              Petitioner,

        - versus -

THOMAS LAVALLEY,
Superintendent,

                              Respondent.

MEMORANDUM
AND ORDER
13-CV-5811 (JG)

A P P E A R A N C E S:

    ROBERTO RODRIGUEZ
        09A1110
        Clinton Correctional Facility
        PO Box 2001
        Dannemora, NY 12929
    By:    *Petitioner, pro se*

    CHARLES J. HYNES
        District Attorney, Kings County
        350 Jay Street, Renaissance Plaza
        Brooklyn, New York 11201
    By:    Howard Barry Goodman
        *Attorney for Respondent*

JOHN GLEESON, United States District Judge:

        Roberto Rodriguez has petitioned under 28 U.S.C. § 2254 for a writ of habeas corpus. Rodriguez is presently incarcerated pursuant to a New York state criminal conviction and sentence of fifty years to life following a trial for murder and robbery. I heard argument on the motion on March 31, 2014. At the argument, Rodriguez appeared to raise a new claim for relief, which was neither presented in his papers to me nor to the state courts: that Rodriguez had told his trial counsel that he was intoxicated when he robbed and shot the victim, and that Rodriguez knew of witnesses who could verify that claim, but that trial counsel did not

investigate it or produce such witnesses. I described this claim in a March 31, 2014 order, DE 9, and stated my inclination to stay the petition and hold any decision until Rodriguez had a chance to exhaust the claim in state court. Respondent opposed this proposal, at least until Rodriguez could demonstrate "good cause" for his failure to exhaust the claim, one of the showings required under *Rhines v. Weber*, 544 U.S. 269, 277 (2005). I also solicited a statement from Rodriguez's trial counsel, Kleon Andreadis, recounting his version of the events. Each side has filed additional papers.

Rodriguez states that he failed to present the unexhausted ineffective assistance claim to the state courts through inadvertence: he discussed the claim with the law clerk who helped him prepare his state papers, but the law clerk did not include the claim in the final version submitted to the court. *See* Rodriguez Letter, dated May 12, 2014, DE 12; Rodriguez Letter, dated September 1, 2014, DE 17.

I have previously noted that the bounds of "good cause" are not well established, but that "'good cause' was 'not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner.'" *Henry v. Lee*, 12-CV-5483 JG, 2013 WL 1909415, at *6 (E.D.N.Y. May 8, 2013) (quoting *Rhines,* 544 U.S. at 279 (Stevens, J., concurring)). Under these circumstances, I conclude that the best approach is to permit Rodriguez to pursue the claim in state court. As I indicated in the March 31 Order, it seems that under New York law, the state court may, but need not, consider the claim on the merits.

Rodriguez must return to this court once the state court proceedings are resolved, one way or another. He may then present the claim to me, and I will be able to apply the standard AEDPA analysis to the claim and the state court's decision.

Therefore, I order the following:

This case is stayed, and the claims Rodriguez has already presented to me are held in abeyance. Within thirty days of the entry of this order, Rodriguez must initiate proceedings in New York state courts to exhaust the claim of ineffective assistance I have described. When those proceedings terminate (with whatever result), Rodriguez must provide notice in this court within thirty days so that I may lift the stay and consider all of Rodriguez's claims. I will not appoint counsel at this time.

So ordered.

John Gleeson, U.S.D.J.

Dated: October 2, 2014
       Brooklyn, New York